**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARYANN LOUGHRY, individually, and on behalf of all other similarly situated consumers,<br><br>        Plaintiff,<br><br>  vs.<br><br><br>PETCO ANIMAL SUPPLIES INC.<br><br>        Defendant. | Case No.:<br><br><br><br>CLASS ACTION COMPLAINT |

Plaintiff alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's unlawful wiretapping of Plaintiff's communications without consent or notice.

## JURSIDICTION AND VENUE

2. This Court has personal jurisdiction over Defendant because Defendant directs, markets, and provides its business activities throughout the State of Pennsylvania, and makes its active commercial website available to residents of Pennsylvania for those interested in entering into contracts over the Internet with Defendant.

3. During the relevant time frame, Defendant entered into contracts for the sale of goods with residents of Pennsylvania that involved the knowing and repeated transmission of computer data over the Internet. This resulted in Defendant generating revenue from sales to residents of Pennsylvania, as well accepting payments from Pennsylvania residents through the site and ultimately shipping products to Pennsylvania.

4.     Plaintiff's and the Class members' claims arise directly from Defendant's operation of its website. Further, this Court has personal jurisdiction over Defendant because Defendant's tortious conduct against Plaintiff occurred in substantial part within this District and because Defendant committed the same wrongful acts to other individuals within this judicial District, such that Defendant's acts complained of herein occurred within this District, subjecting Defendant to jurisdiction here. Thus, Defendant knew or should have known that it was causing harm to those individuals while they were in Pennsylvania such that it was foreseeable to Defendant that its interceptions would harm Plaintiff and other similarly-situated individuals located in Pennsylvania.

5.     This court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2) because at least one member of the putative class, including Plaintiff, is a citizen of Pennsylvania, and Defendant is a citizen of California, thus CAFA's minimal diversity requirement is met.

6.     Additionally, Plaintiff seeks, at minimum, $1,000.00 in damages for each violation, which, when aggregated among a proposed class of over 5,000, exceeds the $5,000,000 threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA").

7.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because

8.     Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction, and because a substantial part of the events or omissions giving rise to the claim occurred in this District, and because Plaintiff was injured in this District.

## PARTIES

9. Maryann Loughry is a natural person, who at all relevant times has resided in Broomall, Pennsylvania.

10. Defendant is, and at all times relevant hereto was, a corporation duly organized and validly existing under the laws of California and maintains its principal place of business in California. Defendant is therefore a citizen of California.

## BACKGROUND

11. Pennsylvania's Wiretapping and Electronic Surveillance Control Act ("WESCA" or "Act"), 18 Pa. C.S. § 5701 et seq., prohibits the interception of wire, electronic, or oral communications, which means it is unlawful to acquire those communications using a device. *Popa v. Harriet Carter Gifts, Inc.*, No. 21-2203, 2022 U.S. App. LEXIS 28799, at *2 (3d Cir. Oct. 18, 2022).

12. Nonetheless, it has become common practice for retail websites to wiretap the communications of its customers while browsing their websites.

13. The purpose of the wiretap is to track consumer data to increase profitability.

14. Defendant has been intercepting, capturing, and observing its customers' individual online activities. This allows Defendant to record and playback consumer's individual browsing sessions. The product utilized goes so far as to allow Defendant to view the interactions of consumers in real time. This type of technology has come to be known as "session replay software."

15. Through this wiretapping technology, Defendant has stored data as minute as mouse movements around the screen, the length of time spent hovering, the key words searched, and separate products or services that were of interest to its customers.

16. There have been numerous articles addressing the unknown reality of these types of technologies:

    a. The Dark Side of 'Replay Sessions' That Record Your Every Move Online, located at https://www.wired.com/story/the-dark-side-of-replay-sessions-that-record-your-every-move-online/ (last visited Mar. 16, 2021);

    b. Session-Replay Scripts Disrupt Online Privacy in a Big Way, located at https://www.techrepublic.com/article/session-replay-scripts-are-disrupting-online-privacy-in-a-big-way/ (last visited Mar. 16, 2021); and

    c. Are Session Recording Tools a Risk to Internet Privacy?, located at https://mopinion.com/are-session-recording-tools-a-risk-to-internet-privacy/ (last visited Mar. 16, 2021).

## FACTUAL STATEMENT

17. Defendant owns the website Petco.com.

18. Over the past year, Plaintiff has made a number of visits and purchases on Defendant's website.

19. While utilizing the website, Plaintiff made specific searches of products she desired to purchase and learn more about.

20. Plaintiff also viewed other products that she found of interest while shopping on the site.

21. Throughout these website sessions, Defendant has been wiretapping Plaintiff's activities on its site.

22. Defendant has been monitoring Plaintiff's mouse movements, key strokes, and searches.

23. Defendant has also been monitoring what Plaintiff has been viewing.

24. Throughout Plaintiff's activities on the site, Defendant was communicating with her concerning the items requesting to be viewed.

25. Plaintiff reasonably believed that she was interacting privately with Defendant's website, and not that she was being recorded and that those recordings could later be watched by Defendant's employees, or worse yet, live while Plaintiff was on the website.

26. Throughout this time, Defendant has itself, or through third parties been conducting these wiretaps.

27. Defendant did not provide any notice to Plaintiff that it was wiretapping Plaintiff.

28. The wiretap's only purpose was to learn from Plaintiff's customer information to increase profitability. It was not necessary for the products offered by Defendant.

29. The information wiretapped revealed personal and sensitive information concerning Plaintiff's purchasing preferences and internet activity.

## CLASS ACTION ALLEGATIONS

### The Class

30. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all others similarly situated who have received similar debt collection notices and/or communications from Defendant which, as alleged herein, are in violation of the FDCPA.

31. With respect to the Plaintiff's Class, this claim is brought on behalf of the following class:

(a) all consumers with a Pennsylvania address; (b) for whom Defendant acquired electronic communication through the use of electronic means; (c) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action.

32.     Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

33.     Upon information and belief, Defendant has wiretapped hundreds of consumers throughout the Commonwealth of Pennsylvania, each of which violates the WESCA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

34.     The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### Common Questions of Law and Fact

35.     There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of WESCA; (ii) whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

36.     The Plaintiff's claims are typical of the claims of the class members.  Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are

typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

37. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

38. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

39. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing WESCA.

40. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

41. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

42. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the said wiretaps violate WESCA is tantamount to declaratory relief and any monetary relief under the WESCA would be merely incidental to that determination.

43. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class

predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

44. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

45. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

46. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of their ill-gotten gains.

47. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## Violation of the Wiretapping and Electronic Surveillance Control Act
## 18 Pa. Cons. Stat. 5701, *et seq*.

48. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

49. Defendant has acquired the contents of Plaintiff's electronic communications using a electronic software such as session replay technology.

50. Plaintiff never consented to be wiretapped by Defendant.

WHEREFORE, Plaintiff, MaryAnn Loughry, respectfully requests that this Court do the following for the benefit of Plaintiff:

   a. Enter an Order declaring Defendant's actions, as described above, in violation of the WESCA;

   b. Enter an Order for injunctive relief prohibiting such conduct in the future;

   c. Appoint Plaintiff as the Class Representative, and appoint Plaintiff's Counsel as Lead Counsel for the Class;

   d. Enter a judgment against Defendant for statutory damages, pursuant to 18 Pa. Cons. Stat. Ann. § 5725;

   e. Award costs and reasonable attorneys' fees, pursuant to 18 Pa. Cons. Stat. Ann. § 5725(3); and

   f. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

51. Plaintiff demands a jury trial on all issues so triable.

Dated this 23rd day of November, 2022.

                              Respectfully Submitted,

                              /s/Daniel Zemel
                              Daniel Zemel
                              ZEMEL LAW, LLC
                              660 Broadway
                              Paterson, NJ 07514
                              T: (862) 227-3106
                              F: (973) 282-8603
                              dz@zemellawllc.com