## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARYANN LOUGHRY, Individually and on behalf of all other similarly situated consumers,**<br>**Plaintiff,**<br><br>**v.**<br><br>**PETCO ANIMAL SUPPLIES INC.,**<br>**Defendant.** | **CIVIL ACTION**<br><br><br><br>**NO.  22-4706** |

## O R D E R

**AND NOW**, this 30th day of August, 2023, upon consideration of Defendant's Status Report and Motion to Dismiss for Failure to Prosecute (ECF No. 22) and for the reasons stated herein,[1] **IT IS ORDERED** that Defendant's Motion is **GRANTED**. Plaintiff's Amended Complaint (ECF No. 11) is **DISMISSED WITH PREJUDICE** for failure to prosecute.

---

[1] On November 23, 2022, Plaintiff Maryann Loughry initiated a class action complaint by way of counsel. (*See generally* ECF No. 1.) On March 6, 2023, Defendant Petco Animal Supplies Stores, Inc. filed a Motion to Dismiss, which was denied as moot due to Plaintiff filing an Amended Complaint on March 27, 2023, asserting a cause of action under the Pennsylvania Wiretapping and Electronic Surveillance Control Act, 18 Pa. C.S. § 5701 *et seq*. (*See* ECF Nos. 10–11, 13.) On April 24, 2023, Defendant filed a Motion to Compel Arbitration or, Alternatively, to Dismiss the Amended Complaint. (ECF No. 15.) On May 26, 2023, Plaintiff filed a joint stipulation of the parties, agreeing to binding arbitration and a stay of the matter pending completion of the arbitration, which the Court granted. (*See* ECF Nos. 18–19.) Pursuant to the Court's Order dated June 2, 2023, Plaintiff had thirty (30) days from the date of the Order—a deadline of July 3, 2023—to submit her claims against Defendant to binding arbitration, and Defendant was ordered to submit monthly status reports to the Court. (ECF No. 19.) Plaintiff did not, and still has not, submitted her claims to binding arbitration. (*See* ECF Nos. 21–22.) As such, Defendant filed this Motion to Dismiss for Failure to Prosecute. (ECF No. 22) Plaintiff, who is represented by counsel, has not filed a response to the motion. For the reasons that follow, the Court grants the Motion to Dismiss with prejudice.

Federal Rule of Civil Procedure 41(b) permits the Court to dismiss an action when the plaintiff fails "to prosecute or to comply with these rules or any order of court." Fed. R. Civ. P. 41(b). In determining whether to dismiss an action for failure to prosecute, the Court typically evaluates six (6) factors set forth by *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir.1984). *See Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008) (quoting *Poulis*, 747 F.2d at

**IT IS FURTHER ORDERED** that the Clerk of Court shall mark this case as **CLOSED**.

**BY THE COURT:**

/s/ Hon. Kelley B. Hodge

_____

**HODGE, KELLEY B., J.**

---

868). However, in a non-precedential per curiam opinion, the Third Circuit recognized that "[w]here [] a plaintiff refuses to proceed with his case or otherwise makes adjudication of his case impossible, a balancing of the *Poulis* factors is not necessary." *Abulkhair v. New Century Fin. Servs., Inc.*, 467 F. App'x 151, 153 (3d Cir. 2012) (first citing *Spain v. Gallegos*, 26 F.3d 439, 454–55 (3d Cir. 1994); then citing *Guyer v. Beard*, 907 F.2d 1424, 1429–30 (3d Cir. 1990)).

Here, the Court finds a balancing of the *Poulis* factors to be unnecessary. This matter is subject to binding arbitration in accordance with the mandatory arbitration provision in Section 20 of the Terms of Use, attached as Exhibit A to the Declaration from Mr. Patrick Franz (the "Arbitration Agreement"). (*See* ECF No. 15-3.) Plaintiff and Defendant stipulated to the validity and enforceability of the Arbitration Agreement. (*See* ECF No. 18 ¶ 6.) Yet, Plaintiff has failed to prosecute her claims against Defendant in binding arbitration despite the Court's Order requiring her to do so by July 3, 2023. (*See* ECF No. 19 ¶ 2.) Further, Defendant has filed two status reports and this pending motion before the Court (*see* ECF Nos. 21–22.), yet Plaintiff has failed to respond or communicate with the Court or Defendant, which is another independent ground to grant Defendant's motion. *See* E.D. Pa. R. 7.1(c) ("In the absence of [a] timely response, the motion may be granted as uncontested . . .").

Given Plaintiff's inaction, the Court finds Plaintiff failed "to prosecute or to comply with these rules or any order of court," Fed. R. Civ. P. 41(b), and it is clear that Plaintiff "refuses to proceed with [her] case or otherwise makes adjudication of [her] case impossible[.]" *Abulkhair*, 467 F. App'x at 153. Accordingly, the Court will dismiss the Amended Complaint against Defendant with prejudice.