**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARYANN LOUGHRY, individually, and on behalf of all other similarly situated consumers,<br><br>        Plaintiff,<br><br>vs.<br><br><br>PETCO ANIMAL SUPPLIES STORES, INC.<br><br>        Defendant. | Case No.: 2:22-cv-4706 |

---

## PLAINTIFF MARYANN LOUGHRY'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO VACATE OR ALTER THE JUDGMENT

---

On the brief:

Daniel Zemel, Esq.
Zemel Law LLC
660 Broadway
Paterson, New Jersey 07514
T: 862-227-3106
DZ@zemellawllc.com
**Attorney for Plaintiff**

**Introduction**

Plaintiff, Maryann Loughry, by and through undersigned counsel, hereby files this motion to vacate or alter the judgment of dismissal entered with regard to Defendant Petco Animal Supplies Inc. pursuant to Fed. R. Civ. P. 59(e) and 60(b). Plaintiff respectfully requests that the Court either return the case to a stayed action, or enter a dismissal without prejudice instead.

**Standard**

Fed. R. Civ. P. 59(e) states that a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Finally, pursuant to Fed. R. Civ. P. 60(b), "the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason that justifies relief." The grounds asserted in support of a Rule 59(e) motion would also support a rule 60(b) motion. *Halicki v. La. Casino Cruises*, 151 F.3d 465, 470 (5th Cir. 1998).

Relief from judgment on account of mistake, inadvertence, surprise, or excusable neglect is wholly discretionary. *See Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021 (9th Cir. 2004). A "standard of liberality, rather than strictness should be applied in acting on a motion to set aside a default judgment [or dismissal], and that any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *Caruso v. Drake Motor Lines, Inc.*, 78 F.R.D. 586, 588 (E.D. Pa. 1978) (*citing Medunic v. Lederer*, 533 F.2d 891 (3d Cir. 1976) (internal quotations omitted)); *see also Blois v. Friday*, 612 F.3d 938, 940 (5th Cir. 1980) ("Doubt should be resolved in the favor of a judicial decision on the merits of the case, and a technical error or a slight mistake by plaintiff's attorney should not deprive plaintiff of an opportunity to present the true merits of his claims").

**Mistake**

Here, the Court should vacate the judgment, or alternatively alter the judgment to one "without" prejudice, as a dismissal with prejudice is improper and a mistake. "A dismissal with prejudice 'operates as an adjudication on the merits'" and "prevents the plaintiff from subsequently litigating his claims in either the original court or any other forum." *Aldossari v. Ripp*, 49 F.4th 236, 262 (3d Cir. 2022) (*citing Papera v. Pa. Quarried Bluestone Co.*, 948 F.3d 607, 610-11 (3d Cir. 2020). When the grounds for dismissal are all "threshold, nonmerits issues" that do not require the court to "assume . . . substantive 'law declaring power,'" dismissal with prejudice is improper. *Id*. (*citing Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 433 (2007)). For instance, in *Witlin v. Gallagher Basset Serv.*, 1993 U.S. Dist. LEXIS 5543 (E.D.Pa. Apr. 26, 1993), the Court readily realized that the dismissal *with* prejudice was an error, when it was supposed to be dismissed on jurisdictional grounds and allowed to proceed in another forum. Citing the court's preference for disposition of cases on the merits *even in other forums*, the court vacated the order and dismissed without prejudice. *Id*. at *3. Just so, this case dismissal should be without prejudice.

As the Third Circuit has said on "numerous occasions[,] . . . dismissals with prejudice or defaults are drastic sanctions, termed 'extreme' by the Supreme Court, . . . and are to be reserved for [cases comparable]" to *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S. Ct. 2778, 49 L. Ed. 2d 747 (1976). *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984); *see also Adkins v. Reynolds*, 788 Fed. Appx. 824, 825 (3d Cir. 2019). In *National Hockey League*, dismissal with prejudice was a sanction against plaintiffs and their lawyer "[a]fter seventeen months where crucial interrogatories remained substantially unanswered despite numerous extensions . . . and notwithstanding several admonitions by the Court and promises and commitments by the plaintiffs . . . " *Adkins*, 788 Fed. Appx. at 825 (*citing National*

*Hockey League*, 427 U.S. at 640) (emphasis in original). While courts have "a wide discretion as to penalties for failure of diligent prosecution," dismissal with prejudice is drastic. *Glo Co. v. Murchison & Co.*, 397 F.2d 928 (3d Cir. 1967). Even when there are "repeated warnings by the court[,] . . . a dismissal with prejudice is an extremely harsh penalty for such a delay." *Id*. Here, there was no repeated warnings, no repeated promises from Plaintiff's counsel, and no prior extensions. In other words, there was no reason to impose a harsh sanction of dismissal *with* prejudice when the claim was stayed and supposed to be pursued in another forum.

There is no adjudication of the claim on the merits, thus a dismissal that supposes a dismissal on the merits and precludes litigation in other forums, is a mistake of law.[1] Like in *Witlin*, the case should be allowed to proceed in the appropriate other forum.

**Excusable Neglect**

Even if the Court does deem the harsh sanction appropriate for lack of prosecution, it should still vacate the judgment because Plaintiff has already filed in arbitration, the issue is moot, and Plaintiff failed to inform the Court due to excusable neglect. When Defendant moved to dismiss on Plaintiff's alleged failure to bring the claim timely in arbitration, Plaintiff immediately corrected the oversight and brought the claim in AAA on August 1, 2023, the same day of Defendant's motion.[2] Thus, the claim was filed and Defendant's motion was moot. Plaintiff inadvertently did not respond in this court because counsel deemed the question moot and mistakenly believed that Defendant was only seeking dismissal *without* prejudice (in accordance with the case law), and thus, a response was not required. This was a communication error in counsel's office and rightly falls under excusable neglect.

---

[1] The case in federal court was stayed. Which raises the question of whether the Court can even dismiss the claim for lack of prosecuting the claim in another forum? In any event, the question is moot.
[2] Defendant has since informed Plaintiff that AAA is not the correct forum. Plaintiff intends to file in the appropriate forum.

To determine if there was excusable neglect, courts apply "an equitable test, which requires a court to take into account the totality of the circumstances." *Ethan Michael Inc. v. Union Twp.*, 392 Fed. Appx. 906, 909-10 (3d Cir. 2010) (*citing In re Cendant Corp. Prides Litig.*, 235 F.3d 176, 182 (3d Cir. 2000)). Generally, courts look at four factors: 1) the danger of prejudice to the other party; 2) the length of delay and its potential impact on judicial proceedings; 3) the reason for the delay – and whether it was within the movant's control; and 4) whether the movant acted in good faith. *Id.* at 908 (*citing Pioneer Insurance Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S.CT. 1489, 123 L. Ed. 2d 74 (1993)); *see also Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007).

Here, an equitable weighing of the factors shows excusable neglect in this case. First, there is no prejudice to Defendant. As stated above, the claim was already filed in arbitration before this claim was dismissed and Defendant does not have to do anything else in this court. Second, the delay was small, as the dismissal was only granted on August 30, 2023. More importantly, however, is the fact that there is no potential impact on the judicial proceedings whatsoever. It makes absolutely no difference to this Court whether the claim is stayed, dismissed with prejudice, or dismissed without prejudice. And while the reason for the delay was admittedly in Plaintiff's control, Plaintiff acted with the good faith, albeit wrong, belief, that the issue was moot and had no impact on the claim.

For these reasons, even if dismissal with prejudice would be an appropriate response legally, the Court should still vacate the dismissal with prejudice based on Plaintiff's excusable neglect in not responding to Defendant's motion and informing the Court that the issue was moot.

## CONCLUSION

The dismissal with prejudice was entered in error and should be vacated. This vacatur has no impact on the case in the current court, but to allow it to stand severely impacts and prejudices Plaintiff's ability to pursue the claim in arbitration, the forum that all parties agreed was appropriate. Accordingly, Plaintiff respectfully asks the Court to vacate the dismissal with prejudice and either return the case to a stay, or enter a dismissal without prejudice.

Dated: September 18, 2023.

        Respectfully Submitted,

        /s/ Daniel Zemel
        Daniel Zemel
        Zemel Law LLC
        660 Broadway
        Paterson, New Jersey 07514
        T: 862-227-3106
        dz@zemellawllc.com
        Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of September, 2023 a true and correct copy of the foregoing document was sent to all counsel of record via the Court's ECF system.

        /s/ Daniel Zemel
        Daniel Zemel